## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Ronald E. Jones,

               Plaintiff,

v.

Sherman Campbell, *et al.*,

               Defendants.

_____/

Case No. 24-11028

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

## ORDER DECLINING TO ADOPT THE R&R [22] AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [17]

On March 4, 2026, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") recommending the Court grant Defendant Sherman Campbell and Jeremy Bush's motion for summary judgment on the basis of exhaustion. (ECF No. 22.)

Plaintiff Ronald E. Jones filed objections to the R&R. (ECF No. 26.) Defendants did not file a response to the objections, and the deadline for a response has passed.

For the reasons set forth below, the Court declines to adopt the R&R and denies Defendants' motion for summary judgment.

## I.   Background

At all relevant times in his complaint, Plaintiff was housed at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan. (ECF No. 1, PageID.2.) He alleges that, in January 2024, the zipper on his state-issued winter coat broke and he requested a new coat. (*Id.* at PageID.3.) Plaintiff was given a new coat, but it was inadequate for the winter weather. He argues that the inadequate coat exposed him to harm and violated the Eighth Amendment's prohibition on cruel and unusual punishment. (*Id.*)

Defendants are ARF Warden Sherman Campbell, and Michigan Department of Corrections ("MDOC") Deputy Director Jeremy Bush. (*Id.*)

The more detailed factual background set forth in the R&R is fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 22, PageID.147–149.)

## II.   Legal Standard

### A. Objections to an R&R

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C.

2

§ 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### B. Summary Judgment Standard

Defendants move for summary judgment on the basis of exhaustion. (ECF No. 17.)

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

### III. Analysis

The R&R recommends granting the motion to summary judgment due to Plaintiff's failure to exhaust his administrative remedies. (ECF No. 22.)

As set forth in the R&R, the Prison Litigation Reform Act requires prisoners to first exhaust available administrative remedies before

bringing an action "with respect to prison conditions under [42 U.S.C.] section 1983 . . . or any other Federal law." 42 U.S.C. § 1997e(a); (ECF No. 22, PageID.151.) "The Supreme Court has held that 'failure to exhaust is an affirmative defense under the PLRA." (*Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)).) "[D]efendants bear the burden of proof on exhaustion." (*Id.* at PageID.151–152 (quoting *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012)).) A defendant may raise the plaintiff's failure to exhaust in a motion for summary judgment under Federal Rule of Civil Procedure 56. (*Id.* at PageID.152 (citing *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786 (E.D. Mich. 2016)).)

It is undisputed that Plaintiff submitted a grievance related to winter coats, which was received at Step I on February 14, 2024, and identified as "ARF-24-02-0163-28i" (henceforth, "ARF-163").[1] (ECF No. 17-3, PageID.87.) In ARF-163, Plaintiff states that his grievance is brought against "CFA Deputy Director J. Bush" "for inadequacy of the new state coat issued by MSI." (*Id.*) The grievance claims "that the state

---

[1] As noted in the R&R, Defendants' motion for summary judgment has several typographical errors where they reference Plaintiff's other grievance, ARF-164, when they clearly intended to reference ARF-163. (*See* ECF No. 22, PageID.154 n.1.)

issued coats are inadequate for the severe Michigan winters, which caused pain to Grievant." (*Id.*; *see also id.* ("The MSI state coats do not provide protection from the rain, cold temperatures, and the wind.").) It further states that Bush is aware that the coats are deficient and thus has violated Plaintiff's "right to be free from cruel and unusual punishment as an incarcerated person" under the Eighth Amendment. (*Id.*) The "Remedy Requested" by ARF-163 is "to replace the new state issued MSP coats with adequate material to endure the Michigan winter weather." (*Id.*) This grievance was rejected with the response, "Warden Forum issue." (*Id.*)

It is also undisputed that Plaintiff appealed ARF-163 to Step II and III. (*Id.* at PageID.84–86.) ARF-163's rejection at Step I was upheld at Step II and III. (*Id.*)

Defendants, in the motion for summary judgment, argue that Plaintiff's grievance "was correctly rejected under PD 03.02.130 ¶ J.8 as raising a Warden's Forum issue, and the exhaustion analysis shifts to the Warden's Forum." (ECF No. 17, PageID.61.) Defendants contend that Plaintiff never raised his issues with the winter coats at the Warden's Forum; thus, his claim regarding winter coats was not exhausted and

6

must be dismissed. (*Id.* at PageID.61–62.) The R&R agreed with this analysis and recommended dismissal. (ECF No. 22, PageID.155–159.)

Plaintiff disagrees with this reasoning and filed objections to the R&R. Plaintiff's objections are difficult to understand, but he generally argues that he did, indeed, exhaust his administrative remedies because he "applied the grievance process Step I, II, III before suing," (ECF No. 26, PageID.169) and that the R&R erred when it determined he was required to raise his issues at the Warden's Forum in order to exhaust his administrative remedies. (*Id.* at PageID.170.) As set forth by Plaintiff, "Plaintiff was complaining about the violation of his constitutional rights" and was not complaining about "the content of a policy or procedure" and "[t]herefore, the warden's forum was not a proper venue for Plaintiff to exhaust his claims." (*Id.* at PageID.173.) In support of these arguments, Plaintiff cites *Regains v. Horrocks*, No. 2:21-CV-72, 2022 WL 4473493 (W.D. Mich. Mar. 30, 2022), *Lopp v. Washington*, No. 1:19-CV-540, 2021 WL 3033266 (W.D. Mich. July 19, 2021), *Bailey v. Washington*, 784 F. Supp. 3d 997 (E.D. Mich. 2025), and *Washington v. Jackson*, No. 1:22-CV-86, 2023 WL 1804440 (W.D. Mich. Jan. 10, 2023), among other cases.

The Court has carefully reviewed these opinions, the R&R, the parties' filings (which include relevant MDOC Policy Directives), and the applicable law, and concludes that Plaintiff was not required to raise his issues with winter coats at the Warden's Forum in order for him to exhaust his administrative remedies.

MDOC Policy Directive 03.02.130 governs prisoner grievances. (*See* ECF No. 17-2.) According to this Policy Directive, prisoners "are required to file grievances in a responsible manner" and it lists circumstances in which "[a] grievance shall be rejected by the Grievance Coordinator." (*Id.* at PageID.68.) One such circumstance is:

> The prisoner is grieving <u>content</u> of the policy or procedure except as it was specifically applied to the grievant. If a prisoner has a concern with the content of a policy or procedure, they may direct comments to the Warden's Forum as provided in PD 04.01.105 "Prisoner Housing Unit Representatives/Warden's Forum."

(*Id.* at PageID.69.)

Even assuming that Plaintiff's grievance was properly denied as a non-grievable issue,[2] the Court disagrees that Plaintiff was required to

---

[2] The Court declines to hold that Plaintiff's grievance was properly denied under MDOC Policy Directive 03.02.130 ¶ P.8. as a non-grievable issue. (*See* ECF No. 17-2, PageID.69.) First, it is not clear if Plaintiff was challenging "the <u>content</u>" of a "policy or procedure" (*id.*), when he filed a grievance regarding the inadequacy of his coat. (*See* ECF No. 17-3, PageID.87.) Unlike in *Ryan v. Michigan Dep't of Corr.*, No.

take his complaint to the Warden's Forum in order to properly exhaust his administrative remedies.

A prison's grievance process and requirements "define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Here, a plain reading of MDOC policy demonstrates that the Warden's Forum is not part of MDOC's grievance process. MDOC Policy Directive 03.02.130 does not state that a prisoner who grieves the content of a policy or procedure is required to take their concern to the Warden's Forum, only that they "<u>may</u> direct [those] comments to the Warden's Forum as provided in PD 04.01.105 . . . ." (ECF No. 17-2, PageID.69 (emphasis added).) *See Washington*, 2023 WL 1804440, at *3 (holding that this language does not "require a prisoner to present such issues to the Warden's Forum").

---

19-12286, 2022 WL 1652305, at *4 (E.D. Mich. May 24, 2022), Defendants do not identify a specific MDOC Policy Directive that Plaintiff challenged in his grievance. As such, the Court cannot discern whether the decision to distribute a coat or use certain materials in the coat is an issue of policy or procedure.

Even if the quality of outerwear is subject to a policy or procedure, Plaintiff's grievance appears to challenge it "as it was specifically applied" to him, (ECF No. 17-2, PageID.69), making it an issue appropriate for the grievance process. Plaintiff's grievance describes his own harm when he states that the coat's failure to protect him from "the severe Michigan winters" "caused pain to grievant." (ECF No. 17-3, PageID.87.) Nonetheless, the Court will proceed assuming that Plaintiff's grievance was properly denied as raising a non-grievable issue.

9

Further, MDOC policy on the Warden's Forum does not indicate that the Warden's Forum is part of the grievance process. As set forth in MDOC Policy Directive 04.01.105, "Prisoner Housing Unit Representatives/Warden's Forum," the purpose of the Warden's Forum is "to assist the Warden in identifying and resolving problems that exist in the general population of the facility." (ECF No. 17-4, PageID.90.) The Warden's Forum is "comprised of the facility's housing unit representatives," whose role "is to assist housing unit staff in identifying and resolving problems that exist in the unit." (*Id.* at PageID.89–90.)

Housing unit representatives are elected by the unit's prison population and serve six-month terms. (*Id.* at PageID.89.) To place a topic on the Warden's Forum agenda, the Warden's Forum members—i.e., the housing unit representatives—"shall submit any agenda items in writing to the Warden at least three business days before the scheduled meeting." (*Id.*)

According to this Policy Directive, there is no guarantee that Plaintiff could have successfully submitted his complaint to the Warden's Forum. PD 04.01.105 simply states that "[h]ousing unit representatives are encouraged to solicit input from those they represent and to give

10

consideration to the views expressed." (*Id.*) Based on this Policy Directive, the Warden's Forum does not appear to be a part of the administrative grievance procedure at all; there is no requirement for housing unit representatives to put any particular item on the agenda, nor is there any guarantee that the Warden's Forum will hear a complaint brought by an inmate to a housing unit representative. There is no procedure for a non-housing unit representative like Plaintiff[3] to formally bring an issue to the Warden's Forum, except to hope that he can contact his housing unit representative, that his housing unit representative decides to add Plaintiff's complaint to the Warden's Forum agenda, and that his housing unit representative does so in a timely fashion.[4]

---

[3] (*See* ECF No. 17-3, PageID.85 (Plaintiff's Step II Grievance form, stating "Grievant is not speaking or representing inmates at this facility.").)

[4] According to the R&R, "[t]he Sixth Circuit has 'recognized that the Warden's Forum is the proper avenue to challenge a prison policy or procedure." (ECF No. 22, PageID.155 (quoting *Lopp v. Washington*, No. 1:19- CV-540, 2021 WL 3033266, at *1 (W.D. Mich. July 19, 2021)).) Though it is true that the Sixth Circuit discusses the Warden's Forum in *Berryman v. Haas*, No. 19-1484, 2020 WL 6325553 (6th Cir. May 11, 2020), the Court respectfully disagrees that *Berryman* "recognize[s]" that inmates challenging policies or procedures must go to the Warden's Forum.

In *Berryman*, the plaintiffs presented an issue to the Warden's Forum instead of filing a grievance. *Id.* at *2. The district court held, and the Sixth Circuit agreed, that the plaintiffs had not properly exhausted their claims because (1) the Warden's

Treating the Warden's Forum as an element of the administrative process results in a host of other problems. If Plaintiff's housing unit representative fails to submit Plaintiff's complaint to the Warden's Forum agenda, or fails to do so in a timely manner, has Plaintiff also failed to exhaust despite no fault of his own? And if an issue is raised by a housing unit representative at the Warden's Forum, for whom is that issue exhausted? There is no requirement in Policy Directive 04.01.150 that the housing unit representative must attribute an agenda item to particular inmates or raise it in the same manner the inmate submitted the proposed agenda item. If a challenge to a prison policy or procedure is properly brought before the Warden's Forum and responded to by the

---

Forum was not the proper place for their issue, (2) the "question" the plaintiffs presented to the Warden's Forum was too general to satisfy the exhaustion requirement, and (3) the plaintiffs had not yet received a response to their Warden's Forum inquiry when they filed suit. *Id.* at *2. But the Sixth Circuit in *Berryman* did not hold or suggest that the Warden's Forum is an administrative process that must be exhausted pursuant to the Prison Litigation Reform Act. Further, the *Berryman* opinion is unpublished and thus not binding precedent.

The Court also notes that the Sixth Circuit, in another unpublished decision, *Ryan v. G. Robert Cotton Corr. Facility*, No. 22-1808, 2023 WL 6059802, at *3 (6th Cir. May 15, 2023), briefly discusses the Warden's Forum. But, like *Berryman*, the *Ryan* court does not hold that an inmate challenging a policy must exhaust their administrative remedies by submitting their issue to the Warden's Forum. In fact, the *Ryan* opinion explicitly declined to consider "whether doing so would satisfy the exhaustion requirement" and decided the case on the merits. *Id.*

Warden, has that challenge now been exhausted for every inmate at the prison, and can every inmate at the prison now bring suit based on that issue?

In conclusion, the Court finds that Plaintiff has exhausted his administrative remedies. Plaintiff filed a grievance, but it was denied because it concerned a non-grievable issue. Plaintiff appealed this grievance to Steps II and III. And because the Warden's Forum is not a part of the grievance process, Plaintiff's failure to go to the Warden's Forum is immaterial. Even if Plaintiff's coat's deficiencies are due to a "policy or procedure" and thus are a non-grievable issue, Plaintiff "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *see also Owens v. Keeling*, 461 F.3d 763, 769 (6th Cir. 2006) (holding that a plaintiff was not required to pursue administrative remedies when the grievance system was not available for his complaint). As such, Plaintiff has exhausted his administrative remedies.[5]

---

[5] Defendants' summary judgment motion argues in the alternative that Plaintiff failed to exhaust any claims against Defendant Campbell because his grievance, ARF-163, only named Defendant Bush. (ECF No. 17, PageID.60 n.3.) The Court declines to consider this argument because it is not fully developed. The entirety of Defendants' argument on this matter is a single sentence, and Defendants

## IV.  Conclusion

For the reasons set forth above, the Court DECLINES to adopt the R&R (ECF No. 22), and Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: June 23, 2026                                       s/Judith E. Levy
Ann Arbor, Michigan                                    JUDITH E. LEVY
                                                                United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2026.

s/Richard C. Thieme
RICHARD C. THIEME
Case Manager

---

do not cite any caselaw. Additionally, it is not clear to the Court why Plaintiff would be required to exhaust his claims against individual Defendants by naming them in his grievance, when his grievance concerned non-grievable issues and was futile as a matter of MDOC policy.