UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD E. JONES,

Plaintiff,

v.

SHERMAN CAMPBELL et al.,

Defendants.

Case No. 5:24-cv-11028-JEL-APP
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

______________________________/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 28)**

Before the Court is Plaintiff Ronald E. Jones's motion to appoint counsel. (ECF No. 28). For the reasons provided below, the motion is **DENIED WITHOUT PREJUDICE**.

## I. Background

On April 18, 2024, Plaintiff Ronald E. Jones, a prisoner currently housed at Michigan Department of Corrections' (MDOC) Saginaw Correctional Facility, Ronald Jones #276531, Mich. Dep't of Corr., Offender Tracking Info. Sys., https://mdocweb.state.mi.us/OTIS2/Profile (last visited Aug. 4, 2026), brought this action under 42 U.S.C. § 1983, alleging deliberate indifference rising to the level of cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1, PageID.1, 4).

Specifically, Plaintiff alleges that, in January 2024, while housed at Gus Harrison Correctional Facility (ARF), MDOC issued him a coat that offered insufficient protection from the winter weather. (*Id.* at PageID.3). Consequently, Plaintiff says he was subjected to "rain, wind, sleeting snow [and] extreme temperatures." (*Id.*) He claims Defendants are responsible because they "have chosen purposefully to ignore the deficiency of [his state-issued] coat." (*Id.* at PageID.4).

On September 24, 2024, Judge Levy referred all pretrial proceedings to me, including Plaintiff's motion to appoint counsel. (ECF No. 10). That motion asks the Court to appoint counsel because, as Plaintiff contends, (1) he is unable to afford counsel, (2) the issues raised are complex, (3) he has limited access to the prison's law library, (4) his efforts to obtain counsel through letters have been unsuccessful, and (5) his knowledge of the law is limited. (ECF No. 28, PageID.192).

## II. Recruitment of Counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's

case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead, it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Sixth Circuit Court of Appeals has held that, "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted). Whether a case involves exceptional circumstances turns on (1) the probable merit of the claims, (2) the nature of the case, (3) the legal and factual complexity of the issues raised, and (4) the litigant's ability to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has reviewed the record in light of these factors and

finds that there are no exceptional circumstances that would justify the recruitment of counsel at this time.

## III. Analysis

### A. Probable merit of Plaintiff's claim

At this stage of the litigation, it is too early for the Court to evaluate the merits of Plaintiff's allegations. Due to the limited number of pro bono counsel available in comparison to the vast number of prisoners seeking volunteer representation, the Court generally defers pro bono counsel recruitment efforts until the case survives *all* dispositive motion practice. On June 23, 2026, Judge Levy denied Defendants' motion for summary judgment on the basis of exhaustion. (ECF No. 27). However, this does not mean the case itself will survive dispositive motion practice, for exhaustion is a procedural, not a substantive basis for granting summary judgment. Defendants could still prevail, for instance, on a motion to dismiss under Fed. R. Civ. P. 12 or on a motion for summary judgment under Fed. R. Civ. P. 56. *See Roden v. Floyd*, No. 2:16-cv-11208, 2019 WL 2360933 at * 2 (E.D. Mich. June 4, 2019) (although the plaintiff survived a motion for summary judgment on one of his claims, motion to appoint counsel denied until "all dispositive motions on the substantive issues in this matter have been decided.").

It is not possible to evaluate the merits or supportability of Plaintiff's allegations without motion practice engaging with this case on the merits, and many cases never reach the trial stage. Because the Court typically declines to appoint counsel until a trial on the merits is in the offing, it would be inappropriate to appoint counsel at this time. However, if this case does proceed to trial, the Court can at that time revisit the recruitment of pro bono counsel.

**B. Nature of the case and complexity of the issues**

Plaintiff's motion merely asserts, without providing any information as to the nature of the case or complexity of the issues involved, that "[t]he issues raised are complexed [*sic.*]." (ECF No. 28, PageID.192). However, Plaintiff's complaint describes a legally and factually uncomplicated claim of deliberate indifference on the basis that: (1) Plaintiff's state-issued coat was insufficient for the winter weather conditions, and (2) Defendants deliberately ignored Plaintiff's need for an adequate coat. (ECF No. 1, PageID.3-4). The simplicity of Plaintiff's claims, along with the ubiquity of Eighth Amendment claims in prisoner litigation, convinces the Court that this particular case does not fall into the "exceptional" category needed as to justify the recruitment of counsel at this time.

**C. Indigency and Plaintiff's ability to represent himself**

Plaintiff does not indicate an inability to represent himself. While the Court recognizes that Mr. Jones is a layman, likely without legal training, that is true of

almost all *pro se* litigants. The Court likewise acknowledges that Plaintiff is likely unable to afford counsel on an hourly or flat fee basis, particularly in light of his applying for and receiving *in forma pauperis* status earlier in this case. (ECF No. 28, PageID.192; *see also* ECF No. 4.) This, too, is true of many *pro se* litigants, and of prisoners in particular. Thus, Plaintiff's circumstances are not exceptional so as to justify the appointment of counsel at this time.

The Court additionally observes that, having reviewed Plaintiff's complaint, Plaintiff has illustrated his ability to articulate his claim and adequately communicate his requests in a well-organized manner. For example, Plaintiff sets forth the jurisdictional basis for his claims, a statement of facts, and a prayer for relief, all effectively organized and easy to follow.

The Court enjoys considerable discretion in the recruitment of counsel. It sincerely wishes that it were possible to do so here and at this time, as the presence of counsel very often renders litigation more efficient, and undoubtedly renders aid to litigants who lack legal training; however, Plaintiff has not convinced the Court that there are any exceptional circumstances that would differentiate his case from those of other litigants who allegedly suffered similar treatment or injury, or that would potentially justify recruiting pro bono counsel any sooner than trial in this case.

## IV. Conclusion and Order

The Court finds it would be premature to recruit counsel at this juncture. If the case were to proceed to trial, the Court can revisit whether to recruit counsel and generally does so at that time. Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 28), is **DENIED WITHOUT PREJUDICE.** Plaintiff may again petition the Court for the recruitment of pro bono counsel if this case survives all dispositive motion practice, proceeds to trial, or if he is able to demonstrate such exceptional circumstances as would justify the appointment of counsel in the future.

**IT IS SO ORDERED.**[1]

Date: August 6, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).